MARK MARION AKINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Akins v. Commissioner
Docket No. 10765-92
United States Tax Court
T.C. Memo 1993-256; 1993 Tax Ct. Memo LEXIS 260; 65 T.C.M. (CCH) 2937; June 10, 1993, Filed Decision will be entered under Rule 155. *260 For Mark Marion Akins, pro se. For respondent: David Delduco. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies in petitioner's Federal income tax for tax years 1987, 1988, and 1989 in the following amounts: Additions to Tax
Section Section
Section
Section Section Tax Defic 6651(a)(1)
6653(a)(1)(A)
6653(a)(1)(B)
6653(a)(1)
6654(a) Year
iency
1987
$ 1,544
$  386.00
$ 77.20
[1]
-  -  1988
4,406
1,101.50
-  -  220.30
$ 281.52
1989
5,855
1,405.50
-  -  -  378.20
After concessions, the issues for decision are: (1) Whether petitioner is *261 required to file tax returns and pay income tax for the years in question; (2) whether petitioner is liable for additions to tax for negligence for 1987 and 1988; (3) whether petitioner is liable for additions to tax for failure to file a timely return for 1987, 1988, and 1989; and (4) whether petitioner is liable for additions to tax for failure to pay estimated tax for 1988 and 1989. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in Dunwoody, Georgia, when he filed his petition. Petitioner formerly worked in Washington, D.C., for the Metropolitan Area Transit Authority in an administrative position. On May 11, 1982, he was attempting to enter his car in a parking lot when he was robbed and stabbed in the heart. He died, was resuscitated, and underwent surgery to repair his heart. Since that day, petitioner has suffered from post-traumatic stress syndrome to the extent that he is no longer able to work or engage in his former activities. Among his many afflictions, his memory was impaired, he has constant ringing in his ears, and he lives in incessant fear of another *262 attack. For tax years 1983 through 1986, petitioner continued to file income tax returns and pay taxes, as he had always done in the past. For tax years 1987 through 1989, he had tax returns prepared by his accountant, but he has not filed them nor paid his taxes for those years. Petitioner agrees that respondent correctly determined his income tax liabilities. He has not filed his tax returns nor paid his taxes because he feels, as a result of the assault, that the Federal Government is directly responsible for his sufferings, due to negligent enforcement of the criminal laws in Washington, D.C.
Petitioner testified that the juvenile who attacked him had committed seven crimes and bail violations within a short period, and had been released on bail shortly before the attack. He contends that this information was not made available to the judge before the assailant's release. According to petitioner, the assailant was apprehended but was never prosecuted, or even charged, for his attempt on petitioner's life. Petitioner now asks us to relieve him of his Federal income tax liability until such time as he feels he has recouped the costs of the attack, such as enormous medical *263 expenses and lost wages. He believes that such a holding on our part would be analogous to a tort recovery and would deter negligence by Federal employees. The Court is sincerely sympathetic to petitioner for all the sufferings he has endured. We have no jurisdiction, however, to grant him an offset against his tax liabilities on that account. For example, see . His grievances against the policies of the Government or against the tax system as a whole do not excuse him from paying taxes on his income. . Respondent's determination as to petitioner's income tax deficiencies for tax years 1987, 1988, and 1989 is upheld. For 1987, 1988, and 1989, respondent also determined that petitioner is liable for the addition to tax imposed by section 6551(a)(1). Section 6651(a)(1) imposes an addition to tax for failure to file a timely return, unless it is shown that such failure is due to reasonable cause and not to willful neglect. The amount of the addition is 5 percent of the amount required to be shown as tax on the return if the failure *264 is for not more than 1 month, with an additional 5 percent for each additional month, up to a maximum of 25 percent in the aggregate. To avoid the imposition of the addition to tax, the taxpayer must show that his failure to file was due to reasonable cause and not to willful neglect. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Illness or incapacity may constitute reasonable cause if the taxpayer establishes that he was so ill that he was unable to file. See . Petitioner bears the burden of proof that this addition to tax does not apply. Rule 142(a); . Petitioner believes that his disability, post-traumatic stress syndrome, is of physical origin, though its symptoms are those of emotional illness. The regulations explaining the term "reasonable cause" state that: "If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to a reasonable cause." Sec. 301.6651-1(c)(1), Proced. and Admin. Regs. Hence, to establish a defense *265 of emotional illness as reasonable cause for failure to file, the taxpayer must show that he was incapacitated to the extent that he was unable to exercise ordinary business care and prudence during the period. ; . Cf. . In cases where physical illness is claimed as a defense to the penalty for failure to file a timely return, the taxpayer must establish that he was continuously incapacitated. . The fact that petitioner arranged to have his accountant prepare income tax returns for the years in question indicates to us that his physical and emotional problems did not prevent him from exercising ordinary business care and prudence. Compare (holding that filing returns 5 weeks after contact by special agent negates defense of ill health). By the same token, petitioner filed income tax returns *266 for 4 tax years after the attack and then made a conscious decision not to file. Petitioner, in effect, concedes that his nonfiling was intentional. We hold that petitioner is liable for the addition to tax for failure to file a timely return for tax years 1987, 1988, and 1989. Respondent determined that petitioner is liable for the additions to tax for negligence or intentional disregard of rules or regulations for tax years 1987 and 1988. For tax year 1987, the additions to tax for negligence are imposed by section 6653(a)(1)(A) and (B); for tax year 1988, the applicable provision is 6653(a)(1). Negligence under section 6653 means lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioner has the burden of proving that respondent's determination of the additions to tax is erroneous. Rule 142(a); . We find, under the circumstances of this case, that petitioner was negligent. Delinquent filing of a return, involving disregard of a known legal duty, *267 constitutes negligence. , affd. ; . In addition, petitioner has no legal basis to claim that he should not be required to pay income taxes. For tax years 1987 and 1988, respondent determined additions to tax under section 6654(a) for underpayment of estimated tax. Generally, section 6654(a) imposes an addition to tax where prepayments of tax, either through withholding or estimated quarterly tax payments during the course of the year, do not equal the percentage of total liability required under the statute. However, the addition is not imposed if the taxpayer can show that one of several statutory exceptions applies. Sec. 6654(e); ; . Petitioner has not shown that any of these exceptions applies. Therefore, he is liable for the 6654(a) addition to tax for tax years 1988 and 1989. Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest on the portion of the deficiency attributable to negligence or intentional disregard of rules or regulations.↩